■ MARGAR REST. CORP., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding under article 78 of the CPLR to review and annul two determinations of the respondent State Liquor Authority, both dated February 6, 1970, and made after hearings, the first (a) revoking petitioner's restaurant liquor license for the year 1969–1970, effective February 13, 1970, and (b) directing that a demand be made on petitioner and its surety upon their $1,000 bond, and the second disapproving petitioner's application for a 1970–1971 license, if and when filed. Determinations confirmed and proceeding dismissed on the merits, with costs. During the course of the hearings, petitioner defaulted in appearance. The default was deliberate and petitioner failed to show a meritorious defense to the charges against him (cf. *Matter of Limongelli v. Hostetter,* 34 A D 2d 675). Petitioner's restaurant liquor license was revoked and the $1,000 bond demand ordered to be made because petitioner (a) permitted the premises to become disorderly on December 8, 1969, when petitioner's employee in charge assaulted State employees who were therein on official business (Alcoholic Beverage Control Law, § 106, subd. 6), (b) sold alcoholic beverages on credit (Alcoholic Beverage Control Law, § 100, subd. 5) and (c) failed to keep on the licensed premises adequate and accurate books and records (Alcoholic Beverage Control Law, § 106, subd. 12). The measure of punishment was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Stolz v. Board of Regents,* 4 A D 2d 361, 364). Petitioner's application for renewal was disapproved because of the assault on the State employees as well as an adverse history which included a prior suspension for selling liquor to a minor and police reports of assaults committed by petitioner's president and employees. Although these incidents occurred prior to the 1969–1970 license year, they could properly be taken into account in the nonrenewal proceedings (*Matter of Vassallo v. State Liq. Auth.,* 21 A D 2d 880). Under the circumstances, the disapproval of the renewal application was a proper exercise of the respondent Authority's discretion. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ MARGAR REST. CORP., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Motion by petitioner to enjoin respondents from interfering with the operation of petitioner's business and from prohibiting the sale of alcoholic beverages by petitioner on its premises, pending determination of this proceeding under article 78 of the CPLR. Motion dismissed as academic, the proceeding is decided herewith (see *Margar Rest. Corp. v. State Liq. Auth.,* 34 A D 2d 828). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.